CONSTANCE FABER, Plaintiff, *v.* RESERVOIR BUS LINES, INC., et al., Defendants.

Supreme Court, Special Term, Bronx County, February 16, 1944.

*Gerard M. Bloomfield* for plaintiff.

*Henry P. Goldstein* for Reservoir Bus Lines, Inc., defendant.

*Irving F. Cohen* for Marie De Marbo, defendant.

*Nathaniel L. Goldstein, Attorney-General (William F. McNulty* of counsel), for People of the State of New York.

WASSERVOGEL, J. Plaintiff seeks a preliminary injunction to restrain the defendants, other than the People of the State of New York, from operating buses for school transportation.

It appears that the New York State War Council, pursuant to authority vested in it by the Legislature of this State, and in co-operation with the Federal Office of Defense Transportation, promulgated orders which in effect required the discontinuance of operations by the bus lines here involved. The application by the operators for permits to continue their service was disapproved by the Director of the State War Transportation Committee of the New York State War Council on the ground that the service was simply a convenience, not a necessity. The local administrator thereupon directed the defendant operators to discontinue their operations on October 1, 1943. Service was discontinued on October 1, 1943. Parents of some of the children involved petitioned the War Council for a re-examination of its decision. The War Council, however, adhered to its original decision. Despite the foregoing course of events the defendant operators resumed their service on November 1, 1943, and have continued to date to operate the buses without permits and despite the direction of the State War Council to discontinue such operation.

Plaintiff seeks to invoke the powers of equity upon the allegation that local officials will not deal effectively with the matter. No special damage to the plaintiff is alleged. Her right is asserted simply as a citizen. Since this proceeding was instituted, the local police authorities have in fact taken action against the defendant operators and that action is now pending in the City Magistrate's Court. On the record here disclosed, that is the proper forum for the determination of the issues

herein. In the absence of special damages to her own person or property, an individual may not invoke the aid of equity to enforce public rights. Such rights are to be asserted and protected by the public law-enforcement authorities. The Police Department, as is its clear duty, is now acting to enforce these orders promulgated by the State War Council. The proceedings instituted by it properly afford full opportunity for the assertion and protection of the rights of the community with respect to the defendant bus operators' violation of the orders of the State War Council. There is no necessity for, nor right in, the plaintiff to seek private enforcement thereof. The motion for injunctive relief is denied.